IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORINA GUTIERREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:16-cv-291 |
| | § | JURY TRIAL |
| COMMUNITY ACTION | § | |
| CORPORATION OF SOUTH TEXAS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES** Corina Gutierrez (hereinafter "Plaintiff"), filing this her *Plaintiff's Original Complaint*, complaining of Community Action Corporation of South Texas (hereinafter "Defendant"). In support of same, Movant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This is an action involving violations of the Fair Labor Standards Act overtime pay requirements under the Fair Labor and Standards Act. Plaintiff brings this action for overtime compensation and other relief under the the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (FLSA).

2. Defendant was substantially in control of the terms of Plaintiff's work and was Plaintiff's employer as defined by 29 U.S.C. §203(d).

3. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. The Court has personal jurisdiction over Defendant because Defendant conducted business in Texas, has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

4.	Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is a resident of and is doing business in said District.

## PARTIES

5.	Plaintiff is an individual residing in Corpus Christi, Nueces County, Texas.

6.	Defendant is a domestic nonprofit corporation authorized to do business in the State of Texas, and can be served by way of process via its registered agent, to wit: Ann E. Awalt, 204 E. First Street, Alice, Texas 78332.

## FACTS

7.	On or about September 4, 2015, Defendant hired Plaintiff to work for Defendant's business as an Early Childhood Intervention Specialist Services Coordinator (hereinafter "EIS Coordinator").

8.	Plaintiff worked in said position until she was fired on April 5, 2016, for allegedly "falsifying documents."

9.	Plaintiff denies falsifying documents and believes she was actually terminated in violation of Title VII of the Civil Rights Act of 1964.[1]

10.	Beginning in December 2015, and continuing until the date she was terminated, Plaintiff was required to work overtime (in excess of 40 hours) nearly every work-week without any compensation.

11.	During her employment with Defendant, Plaintiff worked over 300 hours of overtime, for which she received absolutely no compensation.

---

[1] On May 10, 2016, Plaintiff filed a Charge of Discrimination, Charge No. 36B-2016-00063, with the EEOC which is currently pending.

## COUNT I:
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT– UNPAID OVERTIME

12. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if restated herein.

13. Plaintiff is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

14. Defendant has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Plaintiff was an employee within the meaning of 29 U.S.C. §203(e).

16. Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

17. Defendant violated the FLSA by failing to compensate Plaintiff for overtime compensation for each hour worked in excess of forty hours in a given workweek.

18. Plaintiff is entitled to damages equal to mandated overtime premium pay, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

19. Defendant's failure to properly compensate Plaintiff was willfully perpetrated and Plaintiff is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

20. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow Plaintiff to recover the following:

a. all direct damages;

b. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

d. liquidated and/or exemplary damages;

e. attorney fees;

f. court costs, including the costs of litigation;

g. pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and

h. any other relief that the Court deems necessary.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein Pratt*
Amie Augenstein Pratt
Amie@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

*/s/ Christopher J. Gale*
Christopher J. Gale
Chris@GaleLawGroup.com
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to FED. R. CIV. P. 38(b).