United States District Court
Southern District of Texas
**ENTERED**
December 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORINA GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-291 |
| | § | |
| COMMUNITY ACTION CORPORATION | § | |
| OF SOUTH TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER COMPELLING ARBITRATION

Plaintiff Corina Gutierrez (Gutierrez) filed this action against her employer, Defendant Community Action Corporation of South Texas (CACOST), alleging violations of the Fair Labor Standards Act,[1] along with harassment and discrimination based upon sex and national origin under the Civil Rights Act of 1964.[2]  D.E. 15.  Before the Court is CACOST's "Motion to Dismiss and to Compel Arbitration" (D.E. 20).  In that motion, CACOST seeks to enforce arbitration, attaching an arbitration agreement that the parties entered into with respect to Gutierrez's employment.   D.E. 20-2. Gutierrez filed her response (D.E. 21) and CACOST filed a reply (D.E. 22).

There is no dispute that (1) the parties entered into an arbitration agreement and (2) the issues raised in this action fall within the scope of the agreement.  *See generally, J.P. Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007) (reciting the two-part test for enforcing an arbitration agreement).  The only issue raised

---

[1]  29 U.S.C. § 201, et seq. (FLSA).

[2]  42 U.S.C. § 2000e et seq. (CRA).

by Gutierrez's challenge is whether the agreement is unenforceable due to an unconscionable fee-splitting provision.  For the reasons set out below, the Court FINDS that the fee-splitting provision is unconscionable, SEVERS it from the arbitration agreement, and GRANTS the motion to compel arbitration (D.E. 20), conditioned on CACOST paying all cost of arbitration in excess of the $200 filing fee, which the Court ORDERS Gutierrez to pay.  The Court DENIES Gutierrez's request for a hearing and DENIES CACOST's request for fees and costs associated with prosecuting its motion to compel.

### NATURE OF THE CASE AND ARBITRATION-RELATED FACTS

According to the Complaint, CACOST hired Gutierrez as an Early Childhood Intervention Specialist Services Coordinator on or about September 4, 2015.  D.E. 15. She regularly worked overtime hours, but was not compensated for them.  She was also allegedly subjected to harassment by her openly homosexual female supervisor because she is openly heterosexual.  She claims that her Mexican-American heritage was also a basis for harassment and discrimination.  Her employment was terminated on April 5, 2016, for allegedly falsifying documents, a charge she denies as pretextual.  *Id*.

The arbitration agreement that governs her claims contains a provision whereby the costs of arbitration are to be borne by Gutierrez and CACOST equally.  Since her CACOST termination, Gutierrez has found other employment, but earns only $14.25 per hour, while supporting two minor children.  D.E. 23.  She is married, but separated from her husband, and he does not contribute to the expenses of her household or child-rearing. *Id*.  She claims that she is indigent and cannot afford the cost of arbitration, setting out

affidavits of arbitrators regarding the fees they charge and suggesting that the costs and fees are actually greater than the affidavits reflect. *Id*.; D.E. 21-5, 21-6.

In addition, she has offered the affidavit of her attorney, Christopher J. Gale. Mr. Gale attests that the requirement that an employee's attorney, working on a contingency fee basis, advance the costs of arbitration would be a substantial deterrent to him representing employees on the types of claims brought here. D.E. 21-7. In sum, Gutierrez attests that she cannot pay more than a small filing fee, not to exceed $200. D.E. 23.

CACOST does not provide any controverting evidence regarding the cost of arbitration or Gutierrez's financial status. Instead, it complains that her evidence is conclusory and speculative. More importantly, CACOST asserts in its motion—and repeats in its reply—that, despite the fee-splitting provision in the arbitration agreement, it will pay all costs of arbitration with the exception of the $200 filing fee. D.E. 20, p. 8; D.E 22, pp.2, 6-7.

## DISCUSSION

### A. Cost Allocation Provisions Can Be Unconscionable.

The United States Supreme Court has cautioned that an arbitration agreement may be held unenforceable as unconscionable if it fails to protect a party from costs that potentially prohibit her from pursuing federal statutory claims in an arbitral forum. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89 (2000). The arbitration agreement at issue in *Green Tree* was silent on the issue of arbitration costs and the employee had failed to meet her evidentiary burden of showing the expected costs in that

case.  Consequently, the Supreme Court held that invalidating the arbitration agreement on that record would be basing the decision on speculation and it refused to do so.

The Fifth Circuit later addressed an arbitration agreement with a fee-splitting provision in *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 300 (5th Cir. 2004).  The trial court had found the provision unconscionable and had severed it pursuant to a severance provision in the agreement.  The employee argued that severance was not the proper remedy, but that the entire agreement should have been rendered unenforceable.  Acknowledging the *Green Tree* caution that prohibitive costs of arbitration should not be permitted to preclude vindication of federal statutory rights, the Fifth Circuit held that the employee's argument was moot because the employer had offered to pay all of the expenses of arbitration.

The Texas Supreme Court also relied on *Green Tree* in evaluating a fee-splitting provision in *In re Poly-America, L.P.,* 262 S.W.3d 337, 355-57 (Tex. 2008).  There, the employee's exposure to arbitration costs was capped at the amount he earned as gross compensation for his highest-earning month in the twelve months preceding arbitration. Because the employee failed to provide evidence of that amount, his challenge was speculative and the court chose to permit arbitration with the observation that the arbitrator was empowered by the agreement to modify unconscionable terms in the event the evidence supported it.

These landmark cases indicate that arbitration of employment disputes arising from federal statutory claims may not be conditioned on the payment of expenses that would render the proceedings cost-prohibitive to the employee.  The employee must

show some evidence of the cost and her inability to pay.  If that showing is made, then any cost-sharing portion of the arbitration agreement may be severed and compelling arbitration may be conditioned upon the employer paying the costs.

**B.  This Agreement's Fee-Splitting Provision is Unconscionable.**

On the record supplied here, the arbitration agreement's equal fee-splitting provision is unconscionable in context.  This is an employment case in which Gutierrez is seeking remedies for violations of federal statutes designed to protect workers' pay and ability to be employed without discrimination or harassment.  She challenges a termination that caused her to find work elsewhere, at a pay scale on which it is difficult for her to make ends meet.  Even a small filing fee could prove preclusive in such circumstances, much less expenses on the scale of those anticipated for an arbitration of a case of the complexity of this one.  The Court FINDS that the open-ended equal fee-splitting requirement for arbitration of pay-related employment disputes and civil rights violations based on federal statutes is unconscionable on the record of this case.

**C.  The Cost Allocation Provision is Severable.**

Anticipating such a determination, CACOST has made an offer to pay all of the fees of arbitration.  In essence, this requires a severance of the fee-splitting provision from the arbitration agreement.  As Gutierrez points out, this arbitration agreement does not contain a severance clause.  Without citation of authority, Gutierrez argues that the absence of a severance clause requires the Court to render the entire arbitration agreement unenforceable.  D.E. 21, pp. 3-6.  The Court disagrees.

Enforcement of an agreement to arbitrate under the FAA depends upon its compliance with the requirements of the general contract law of the applicable state. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under Texas law, the severability of an unconscionable provision does not depend on the existence of a severability clause. Rather, the question is the intention of the parties: whether the questionable provision is integral to the main purpose of the agreement. *Williams v. Williams*, 569 S.W.2d 867, 871 (Tex. 1978), *superseded on other grounds*, *Beck v. Beck*, 814 S.W.2d 745, 758 (Tex. 1991) (addressing enforceability of terms of premarital agreements).

Fifth Circuit precedent is consistent on this issue. "[A] provision of an arbitration agreement is severable if the intent of the parties at the time of the agreement demonstrates that the essence, the essential term, of the bargain was to arbitrate, while the provision at issue was merely a minor consideration." *Galey v. World Mktg. Alliance*, 510 F.3d 529, 533 (5th Cir. 2007) (internal quotation marks omitted). Another federal appellate court taking a broad view of the issue and different courts' approaches to it, concluded that the critical consideration in assessing severability of an illegal provision, as opposed to striking the entire arbitration agreement, is giving effect to the intent of the contracting parties. *Booker v. Robert Half Int'l, Inc*., 413 F.3d 77, 84 (D.C. Cir. 2005).

The fee-splitting provision is not integral to the main purpose of this arbitration agreement. Consequently, under Texas law, it can be severed despite the absence of an express severability clause. It is so ORDERED. The Court thus makes enforcement of

the arbitration agreement contingent upon CACOST paying all of the expenses of arbitration over and above the $200 filing fee, which is to be paid by Gutierrez.

## CONCLUSION

The Court FINDS that the fee-splitting provision in the arbitration agreement (D.E. 20-2), which requires the employee to bear an open-ended obligation to pay half of the cost of arbitration is unconscionable and thus void. The Court FINDS that the fee-splitting provision is not integral to the parties' intent in entering into the arbitration agreement. The Court ORDERS the fee-splitting provision in the arbitration agreement severed and GRANTS CACOST's motion to compel arbitration (D.E. 20) pursuant to the remaining provisions of the arbitration agreement (D.E. 20-2), contingent upon CACOST paying all of the costs of arbitration except a $200 filing fee, which the Court ORDERS Gutierrez to pay. Each party is ORDERED to bear its own attorney's fees and expenses. The Court DENIES CACOST's request for the fees and expenses associated with its prosecution of this motion because Gutierrez has prevailed on her argument that the fee-splitting provision of the arbitration agreement is unconscionable.

The Court STAYS further prosecution of this action pending arbitration. The parties are ORDERED to file with the Court, on or before May 1, 2017, and every six months thereafter, status reports advising the Court whether the dispute has been resolved and whether this action should remain pending.

ORDERED this 19th day of December, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE